UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEFF BARTH, personally and in his capacity as sitting County Commissioner for the County of Minnehaha, South Dakota, and all others similarly situated,<br><br>    Petitioner,<br><br> vs.<br><br>HARVEY JEWETT, IV,<br>JACK R. WARNER,<br>JAMES F. SHEKLETON,<br>JOHN H. MEYER,<br>DR. JAMES SMITH, and<br>THE HONORABLE DENNIS DAUGAARD, in his capacity as Governor of the State of South Dakota,<br><br>    Respondents. | 4:14-MC-00130-KES<br><br><br><br><br>ORDER DISMISSING CASE |

  Petitioner, Jeff Barth, moves to add a petitioner to the pre-complaint petition to preserve evidence. Respondents, Harvey Jewett IV, Jack R. Warner, James F. Shekleton, John H. Meyer, Dr. James Smith, and the Honorable Dennis Daugaard, in his capacity as Governor of the State of South Dakota, oppose the motion arguing that it would be futile. The motion to amend is denied because this court does not have jurisdiction over this matter.

  After a hearing, this court denied the petition as it pertained to Jeff Barth because the claim identified in the petition was a general tax payer grievance that is not sufficient to establish standing under Article III of the United States

Constitution.  *See DaimlerChryslter Corp., v. Cuno,* 547 U.S. 332, 343-45 (2006).  As a result, the only issue before the court is whether the petition to preserve evidence can be amended to add Richard G. Hulshof as a petitioner.

The court assumes that motions to amend a Rule 27 pre-complaint petition to preserve evidence would be treated similarly to other motions to amend traditional pleadings.  *See* Fed. R. Civ. P. 15(a)(2).  Under Rule 15(a)(2), the court may "properly deny a party's motion to amend its complaint when such an amendment would unduly prejudice the non-moving party or would be futile."  *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008).  The local rules of the District of South Dakota require "any party moving to amend a pleading to attach a copy of the proposed amended pleading to its motion with the proposed changes highlighted or underlined[.]"  D.S.D. Civ. LR 15.1.  No proposed amended pleading was attached to the motion to amend, so the court will assume the only proposed change was to add Hulshof's name as a named petitioner.

Rule 27(a)(1) provides in pertinent part that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides."  A plain reading of Rule 27(a)(1) requires that a petition verified by the person who wants to perpetuate the testimony must be filed and that the petition involves a matter cognizable in a United States court. Here, Hulshof has not signed a verified petition.  Furthermore, the petition that was filed does not identify how the anticipated complaint would be cognizable in a

United States court.  The petition alleges that jurisdiction is proper "because the Files are/is believed to be located in, and the parties are all within this Jurisdiction.  The amount in controversy meets the definition of this Court." (Docket 1 at 4).  Diversity jurisdiction would not be proper because the parties are all residents of South Dakota, according to the allegations in the petition. The other basis for a cognizable claim in federal court is a claim arising under federal law.  *See* 28 U.S.C. § 1331.  But the petition fails to identify what federal law the complaint would rely on to assert a claim against respondents in federal court.  As a result, the proposed amendment would be futile because the petition was not verified by Hulshof, and it does not establish that it involves a matter that is cognizable by this court.  Therefore, the motion to amend is denied.  It is

ORDERED that the motion to add petitioner (Docket 24) is denied.  The pre-complaint petition to preserve evidence is dismissed.

Dated February 19, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
